PER CURIAM.
On June 6, 1974, the defendant was sentenced to five years in the custody of the Louisiana Department of Corrections for the crime of possession of a controlled dangerous substance. On January 1, 1976, the defendant was paroled. On June 24, 1976, while on parole, the defendant was again arrested for tu° possession of a controlled dangerous substance, with intent to distribute, and was incarcerated in the Plaque-mines Parish Prison. On November 7,1976, the defendant escaped from the Plaque-mines Parish Prison and was re-captured on November 18, 1976. Finally, on May 10, 1977, the defendant was sentenced to one year for the drug charge with said sentence to be served concurrently with the balance of his original sentence. He was also sentenced to one year for simple escape to be served consecutively with any previous sentences.
On October 7, 1977, the Louisiana Board of Parole took official action revoking the defendant’s parole pursuant to R.S. 15:574.-10. In determining Mr. Vincent’s release date, the Department of Corrections did not credit him with good time earned prior to his parole, stating that under R.S. 15:571.-4(B) and 15:571.8 the defendant forfeited all good time earned prior to his escape conviction. According to these calculations, Mr. Vincent was due to be released, with no good time credits, on June 16, 1979.
Shortly before June 16,1979, Mr. Vincent sought relief in the District Court contending that the Department of Corrections erred in finding that all the defendant’s good time earned prior to the escape was forfeited. The trial court denied the defendant relief and he sought remedial writs from this Court, which were granted. We have since learned that the defendant was, in fact, released on June 16, 1979. Our resolution of the legal issue would thus serve no useful purpose and would give no *117 practical relief. We therefore find the issue is moot. Horne v. Louisiana State Board of Education, La.App., 357 So.2d 1216 (1st Cir. 1978), writ denied, La., 359 So.2d 621.
DISMISSED.